IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER JAMES ALLEN,　　　　　　　　No. 6:15-CV-01215-YY

　　　　　　Plaintiff,　　　　　　　　　　　　　　　OPINION & ORDER

　　　　v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

　　　　　　Defendant.

Merrill Schneider
Schneider Kerr Law Offices
P.O Box 14490
Portland, OR 97293

　　　Attorney for Plaintiff

Billy J. Williams
Janice E. Hebert
United States Attorney's Office
1000 SW Third Avenue, Suite 600
Portland, OR 97204

//

Erin F. Highland
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Magistrate Judge Youlee Yim You issued a Findings and Recommendation ("F&R") [23] on December 12, 2016, in which she recommends that the Court affirm the Commissioner's final decision denying Mr. Allen's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. 42 U.S.C. §§ 401–34, 1381–83f. Plaintiff has timely filed objections [25] to the F&R. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Because the Court finds that the Administrative Law Judge ("ALJ") did not provide clear and convincing reasons for rejecting certain medical opinions, the Court declines to adopt Judge You's F&R, reverses the ALJ's decision, and remands this case for additional administrative proceedings.

## BACKGROUND

      A detailed recitation of this case's administrative history and Plaintiff's personal background can be found in the F&R and the Court will not repeat them here. To date, Plaintiff has prevailed on a subsequent application for DIB with an established onset date of January 3, 2014. Plaintiff's appeal concerns only the time period during which he was previously denied benefits: July 1, 2012, through January 2, 2014. Plaintiff appealed the ALJ's denial of benefits for that time period on the grounds that she improperly rejected two uncontroverted medical opinions. That appeal was denied, making the ALJ's opinion the Commissioner's final decision

that Plaintiff now challenges in this Court. The F&R recommended affirming the ALJ's decision and Plaintiff objects on the same grounds asserted in his appeal.

## F&R STANDARD OF REVIEW

When a party objects to any portion of the Magistrate Judge's F&R, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

## SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. *Id.*

At the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

At step three, the Commissioner determines whether claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141;

20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 20.[1]

At step two, the ALJ found that Plaintiff had the following severe impairment: "minor motor seizures, which have been responsive to medication." *Id.* The ALJ considered a number of Plaintiff's other injuries and conditions and concluded that they constituted non-severe impairments. *Id.* In particular, the ALJ considered Plaintiff's bipolar condition and evidence regarding depression, anxiety and insomnia. Tr. 21. She found that, while there was enough evidence to identify these impairments, the record did not demonstrate that they were severe for a continuous period of twelve months. *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 21–22. Specifically, the ALJ considered listings for non-convulsive epilepsy, affective/mood

---

[1] Citations to "Tr." refer to pages of the administrative record transcript, filed here as ECF No. 15.

disorders, and anxiety-related disorders, and found that the medical evidence in the record did not support findings equivalent in severity to the criteria of those impairments. *Id.*

After determining what Plaintiff's severe impairments were, the ALJ found that Plaintiff had the following RFC:

> [Plaintiff] has the [RFC] to perform a full range of work at all exertional levels, but he must avoid exposure to hazards, including unprotected heights, large moving equipment, climbing ladders, ropes or scaffolds, etc. Additionally, [Plaintiff] is able to understand, remember and carry out only simple instructions and tasks, which do not require him to engage in public contact or teamwork.

Tr. 22.

At step four, the ALJ found that Plaintiff was unable to perform past relevant work as a psychiatric nurse and as a nurse at a nursing home. Tr. 28

At step five, the ALJ found that, after considering Plaintiff's age, education, work experience, and RFC, jobs existed in the significant numbers in the national economy that Plaintiff could perform. Tr. 29. Those jobs included: sweeper cleaner, linen hospitality room assistant, and laundry worker. *Id.* Accordingly, the ALJ concluded that Plaintiff was not disabled.

## SOCIAL SECURITY STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). Courts consider the record as a whole, including both the evidence that

supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's.") (internal quotation marks omitted).

DISCUSSION

Plaintiff argues that the ALJ erred by: improperly rejecting the opinion of a treating provider; improperly rejecting the opinion of an examining mental health professional; and improperly evaluating the severity of Plaintiff's mental health impairments. Pl. Br. 4–5, ECF. 16. Specifically, the ALJ improperly rejected the medical opinions of treating provider Dr. Carman MacMillan and examining provider Dr. Pamela Roman. *See* Obj. to F&R, ECF 25.

**I.    Medical Opinion Testimony**

In social security cases, there are three types of medical opinions that courts accord different weight. *Valentine*, 574 F.3d at 692. Generally, more weight is given to the opinion of a treating source than to an examining source and more weight is given to the opinion of an examining source than to a non-examining source. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1996). An ALJ may reject a treating or examining doctor's uncontroverted opinion only for "clear and convincing" reasons supported by substantial evidence. *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008). An ALJ will give "controlling weight" to a treating source's opinion that is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2). The ALJ errs when she "rejects a medical opinion or assigns little

weight while doing nothing more than ignoring it." *Garrison v. Colvin*, 759 F.3d 995, 1012–13 (9th Cir. 2014).

> A.   *Dr. MacMillan*

Plaintiff met with Dr. MacMillan at least five times between March and May of 2013. Tr. 385–413. On June 19, 2013, Dr. MacMillan wrote a letter on Plaintiff's behalf, stating that Plaintiff was "profoundly impaired in his overall functioning." Tr. 416. She further stated that her opinion was "based not only on my own treatment of [Plaintiff], but upon my review of his medically documented history of chronic affective disorder of at least two years duration that has caused more than a minimal limitation of [Plaintiff's] ability to do work activities." *Id.* Dr. MacMillan also opined that Plaintiff's condition equaled Social Security listing 12.04 for affective disorder. Tr. 415. She explained that Plaintiff "clearly suffers from an affective disorder characterized by disturbance of mood, accompanied by a full or partial manic or depressive syndrome." *Id.* She further opined that Plaintiff's concentration, persistence, and pace were extremely limited. Tr. 415–16. Dr. MacMillan concluded that Plaintiff was unlikely to handle work stress well, would need additional breaks to calm himself down, and would miss at least two days of work a month. Tr. 416.

The full text of the ALJ's rejection of Dr. MacMillan's opinion is as follows:

> In reaching this RFC, I give little weight to the treating source opinion of Dr. MacMillan. At the time she offered this opinion, Dr. MacMillan had met with the claimant no more than five times. She had minimal records available to her for review. She relied almost entirely on the claimant's self-reporting, which I have found to be far from reliable. The objective findings she included in her treatment notes did not support the degree of limitation she identified in her opinion. For example, she stated that Mr. Allen had marked deficits in concentration, persistence or pace, even though the only results available from mental status examination by Dr. MacMillan did not mention such deficits. In finding that Mr. Allen had listing level mental impairments, Dr. MacMillan

simply reproduced the language from the listings without actual providing any support for her conclusion.

Tr. 27–28.

Once more, the ALJ must give clear and convincing reasons supported by substantial evidence to reject the uncontradicted medical opinion of a treating provider. *Ryan*, 528 F.3d at 1198. A clear and convincing reason to reject such an opinion may be "if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Burrell v. Colvin*, 775 F.3d 1133, 1140–41 (9th Cir. 2014) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)).The Court finds that the ALJ failed to meet this burden. For example, the ALJ wrote that Dr. MacMillan relied "almost entirely on the claimant's self-reporting," even though Dr. MacMillan explicitly stated that she based her opinion on her own treatment of Plaintiff and Plaintiff's medical history. Tr. 27, 415. In other words, the ALJ has not shown that Dr. MacMillan's opinion was based, to a large extent, on Plaintiff's discredited testimony. The Court agrees with Plaintiff that the ALJ has not provided sufficient reasons for rejecting Dr. MacMillan's opinion. *See Ryan*, 528 F.3d at 1199–200 (citing *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001)) ("[A]n ALJ does not provide clear and convincing reasons for rejecting a[] . . . physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations."); *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528 F.3d at 1199–200) ("[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion."). Here, Dr. MacMillan's letter along with her treatment notes discuss her observations, diagnosis, prescriptions, in addition to Plaintiff's medical history and self-reports. Tr. 385–93, 415–16.

The ALJ also found that Dr. MacMillan's opinion was inconsistent with her treatment notes. Tr. 28. Specifically, the ALJ found that Dr. MacMillan's opinion that Plaintiff had severe deficits regarding concentration, persistence, or pace was unsupported by her treatment notes. *Id.* "A conflict between treatment notes and a treating provider's opinions may constitute an adequate reason to discredit the opinions of a treating physician. . . ." *Ghanim*, 763 F.3d at 1161 (citing Molina, 674 F.3d at 1111–12). The ALJ was correct to the extent that Dr. MacMillan's treatment notes did not specifically mention concentration, persistence, or pace. Plaintiff points to portions of Dr. MacMillan's notes which discuss memory issues, mood instability, depression, dementia due to epilepsy, and bipolar disorder. Tr. 387–88, 392. While some of these conditions may have a bearing on Plaintiff's concentration, persistence, or pace, it was rational for the ALJ to interpret Dr. MacMillan's treatment notes to be inconsistent with her opinion that Plaintiff had marked deficits regarding those abilities.

The Court finds that the inconsistency between Dr. MacMillan's opinion and treatment notes regarding only concentration, persistence, and pace, does not, by itself, constitute a clear and convincing reason for discounting the uncontroverted opinion of a treating source, particularly where the ALJ's other stated reason for rejecting the opinion was not supported by substantial evidence. As an uncontroverted treating physician, Dr. MacMillan's opinion was entitled to the "greatest weight . . . even if it does not meet the test for controlling weight." *Garrison*, 759 F.3d at 1012 (internal quotation marks and citations omitted). Accordingly, the ALJ improperly discounted the opinion of Dr. MacMillan because she offered an insufficient basis to conclude that the treating physician's opinion was largely based on Plaintiff's self-reporting.

//

### B. Dr. Roman

After Plaintiff's hearing, the ALJ ordered that he undergo a psychodiagnostic evaluation. Tr. 524–35. Dr. Roman conducted the evaluation and assessed that Plaintiff's impairments across all relevant categories were either marked or extreme. Tr. 533–34. Dr. Roman reviewed a broad range of records from at least nineteen different sources, including Dr. MacMillan. Tr. 524. Additionally, Dr. Roman administered several mental tests. Tr. 525. Dr. Roman observed that Plaintiff was "quite dramatic at times during testing" and although he was generally cooperative "he may not have given his best effort on some tasks." Tr. 529. The results of the mental tests indicated that Plaintiff had severe depression and anxiety as well as difficulty completing simple mathematic tasks. Tr. 531. Dr. Roman concluded that Plaintiff "would be unable to understand and remember simple instructions in a work setting." *Id.*

The full text of the ALJ's rejection of Dr. Roman's opinion is as follows:

> I also give little weight to the opinion of Dr. Roman. This was a one-time evaluation, the results of which are inconsistent with substantial evidence of record. Dr. Roman remarked that she doubted Mr. Allen had put forth his best effort when completing mental control tasks and the digit span subset, which were the only objective measures included in her evaluation of him, but she failed to explain how his less than adequate effort affected her rating of his limitations. In fact, once again, it appears that a medical source simply accepted [Plaintiff's] outrageous allegations without a longitudinal record to support his claims. Given that [Plaintiff] knew the purpose of this evaluation was solely for disability reasons and Dr. Roman's comments about his effort, I believe [Plaintiff] exaggerated his limitations in his presentation before this evaluator.

Tr. 28.

Here too, the ALJ assumed that a medical profession was duped by Plaintiff's discredited self-reporting. The ALJ substituted her own judgment for Dr. Roman's in reaching that conclusion. Dr. Roman noted that Plaintiff's performance was dramatic and questioned his

efforts regarding at least some tasks. Tr. 531. Notwithstanding those findings, however, Dr. Roman's report also discusses her observations, objective and subjective test results, diagnoses, and Plaintiff's medical record. There is evidence that Dr. Roman questioned the authenticity of Plaintiff's efforts, but concluded nonetheless, that he suffered from severe impairments. Tr. 531–32. Again, the ALJ has provided an insufficient basis for determining that Dr. Roman's opinion was based, to a large extent, on Plaintiff's discredited self-reports rather than the variety of other sources of information listed in her report.

Therefore, the ALJ erred by failing to provide clear and convincing reasons supported by substantial evidence in the record for rejecting the uncontroverted opinions of treating and examining sources. These errors were not harmless, as they formed the basis for the ALJ's determinations that Plaintiff was not disabled.

## II.      Remand

The Ninth Circuit applies the "credit-as-true" rule for determining whether remand for an immediate aware of benefits is proper. *Garrison*, 759 F.3d at 1020. Each of the following must be satisfied to justify an immediate award of benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id.* Even if those requirements have been met, the district court retains the flexibility to remand the case for further proceedings, particularly where the record as a whole creates serious doubts that the claimant is disabled. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). In this case, while the Court finds that the ALJ improperly rejected the opinions of two medical providers, the record as a whole indicates that Plaintiff may not have been disabled during the relevant time

period. In particular, the Court agrees with the ALJ that Plaintiff's statements made during his hearing were incredible. Further, both Drs. MacMillan and Roman noted that Plaintiff had a dramatic presentations and the authenticity of his responses to medical assessments was questionable. Moreover, the relevant time period in which Plaintiff was denied benefits that he may be entitled to is unclear and the record could be more fully developed on that point as well. Accordingly, this case is remanded for further administrative proceedings consistent with this Court's opinion.

## CONCLUSION

Because outstanding issues remain which must be resolved, and because it is not clear from the record that Plaintiff is entitled to benefits, the ALJ's decision is reversed. The ALJ failed to take into consideration everything that Dr. MacMillan considered in reaching her opinion. In particular, the ALJ failed to take into consideration the medical and psychological records she used as part of her analysis. The same problem exists for Dr. Roman. The ALJ did not consider all of the evidence that Dr. Roman reviewed in reaching her opinion. In particular, the ALJ did not consider the medical and psychological records as well as her own examination of Plaintiff that Dr. Roman used in reaching her conclusions. On remand the ALJ must take into consideration the entire record in deciding how much weight to give these medical opinions. IT IS SO ORDERED.

DATED this ____ day of April, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge